**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4992-15T2

MORGAN STANLEY PRIVATE BANK,
NATIONAL ASSOCIATION,

    Plaintiff-Respondent,

v.

BRUCE P. EARLE, MRS. BRUCE P.
EARLE, his wife, MARGARET H.
EARLE; and MR. EARLE, husband
of MARGARET H. EARLE,

    Defendants-Respondents,

and

THE ROSEDON HOLDING COMPANY
LIMITED PARTNERSHIP,

    Defendants,

and

PARKE BANK,

    Defendant-Appellant.

_____

        Submitted October 18, 2017 — Decided December 4, 2017

        Before Judges Fuentes and Koblitz.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Atlantic County, Docket No.
        F-011481-14.

Braverman Kaskey, attorneys for appellant (David L. Braverman and Benjamin A. Garber, on the briefs).

Finestein and Mally, L.L.C. and Reed Smith LLP, attorneys for respondent (Russell M. Finestein, on the brief).

PER CURIAM

Parke Bank appeals from a June 30, 2016 final judgment of foreclosure, disputing the November 9, 2015 order and November 13, 2015 "corrective" order[1] granting summary judgment to Morgan Stanley Private Bank National Association, subrogating Parke's mortgage on the property and striking Parke's counterclaim for a declaration of first-lien position on the property. We affirm substantially for the reasons expressed by Judge Mark H. Sandson in his November 9, 2015 fifteen-page opinion. We discuss the facts and issues to supplement that opinion only.

We review a grant of summary judgment de novo, applying the same standards that governed the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged

---

[1] The "corrective" order modified only the recording date of the mortgage and the volume number where the mortgage was recorded.

A-4992-15T2

and that the moving party is entitled to judgment as a matter of law."  R. 4:46-2.

We briefly review the somewhat complicated factual context. In 2008, Parke obtained a $5,000,000 mortgage on a Thurlow Avenue, Margate City (Thurlow) property, securing a loan made to John M. Shea.  Parke also obtained a $400,000 mortgage against a Union Avenue, Margate City (Union) property in 2009.  In 2011, Morgan Stanley obtained a $3,946,000 mortgage against both properties. Parke issued four similar letters prior to this Morgan Stanley mortgage.  The November 3, 2011 letter, referencing the properties, stated only the following:

> Please consider this letter as confirmation that ParkeBank [sic] will release our mortgage liens on the above referenced properties upon receipt of $3,900,000 of cleared funds. Please be advised that these loans have been paid as agreed for the past 12 months.  This authorization is not valid after 5PM, Friday, November 4, 2011.
>
> If you require any additional information, please do not hesitate to contact me.

Parke also entered into an October 25, 2011 agreement with Shea to release its mortgage on the Thurlow property to another lender's first mortgage in the amount of $4,000,000.  In exchange, Parke agreed to various items, including the payment of $3,900,000 and a second mortgage on the properties, "to be recorded after the refinancing of the first mortgage."  The identity of the new first

mortgagee does not appear on this agreement. A Parke official acknowledged in an affidavit that this second mortgage was the shortfall between the original $5,000,000 loan and the $3,900,000 payment. Parke received $3,900,000, obtained from the Morgan Stanley loan, a day before the November 4 deadline set forth in the November 3 letter. Parke had already executed and delivered a $1,100,000 shortfall mortgage on the Thurlow property[2] a week earlier, on October 25, 2011. An October 24 letter, identical to the November 3 letter except for the dates, was then in effect.

Parke recorded its $1,100,000 mortgage on the Thurlow property on November 3, 2011, 117 days before Morgan Stanley filed its $3,946,000 mortgage on both the Thurlow and Union properties. Parke argues on appeal that it is entitled to a first-lien position because New Jersey is a race-notice State. See N.J.S.A. 46:26A-12(a). Parke acknowledges, however, that if it had actual knowledge of Morgan Stanley's lien prior to recording its mortgage, it would lose that first-lien status. See Cox v. RKA Corp., 164 N.J. 487, 496 (2000); N.J.S.A. 46:26A-12(b).

After reviewing the factual contentions of the parties in detail, Judge Sandson determined "it is undisputable that Parke Bank had actual knowledge of Morgan Stanley's mortgage prior to

---

[2] The mortgage purported to encumber both properties, but was not executed by the true owner of the Union property.

Parke's recordation of its own mortgage." Parke argues in essence that it did not know that Morgan Stanley was the entity that had the first priority mortgage and therefore did not have actual knowledge of Morgan Stanley's mortgage. The documents do not specify a Morgan Stanley mortgage and thus Parke has a colorable claim that it was not aware that Morgan Stanley held the first mortgage. But irrefutably, Parke had actual knowledge that a first mortgage existed in an amount up to $4,000,000.

We note Parke also sought summary judgment, thereby arguing that the facts were not in dispute. See Spring Creek Holding Co. v. Shinnihon U.S.A. Co., 399 N.J. Super. 158, 177 (App. Div. 2008) ("The filing of a cross-motion for summary judgment generally limits the ability of the losing party to argue that an issue raises questions of fact, because the act of filing the cross-motion represents to the court the ripeness of the party's right to prevail as a matter of law.").

After careful de novo review, we affirm the grant of summary judgment to Morgan Stanley.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4992-15T2